Filed 6/26/15  P. v. Bizieff CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANASTASIA NIKOLAYUNIA BIZIEFF,<br><br>Defendant and Appellant. | F068090<br><br>(Super. Ct. No. BF149384A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael B. Lewis, Judge.

Linda J. Zachritz, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Gomes, Acting P. J., Franson, J. and Peña, J.

Anastasia Nikolayunia Bizieff pled no contest to possession of a firearm while under the influence of a controlled substance, concealing evidence, and making a false police report. In exchange for pleading to these counts, the prosecution dismissed other counts and Bizieff was placed on probation. Bizieff filed a notice of appeal claiming she did not understand parts of her plea. The trial court granted her request for a certificate of probable cause.

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 stating that after reviewing the record, she did not identify any arguable issues. By letter dated May 13, 2014, we invited Bizieff to submit additional briefing. Bizieff did not respond to our letter.

We have reviewed the record and find no merit to the arguments in Bizieff's request for a certificate of probable cause. Nor did our review of the record reveal any other substantive issue. We will remand the matter to the trial court for a correction of the minute order issued at sentencing, which failed to record custody credits that were awarded to Bizieff in the oral pronouncement of judgment. We affirm the judgment in all other respects.

## FACTUAL AND PROCEDURAL SUMMARY

The complaint charged Bizieff with possession of methamphetamine while armed with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a)), possession of a firearm while under the influence of a controlled substance (*id.*, § 11550, subd. (e)), possession of methamphetamine (*id.,* § 11377, subd. (a)), making a criminal threat (Pen. Code, § 422), attempting to dissuade a witness from testifying (*id.,* § 136.1, subd. (b)(1)), concealing evidence (*id.,* § 135), and making a false police report (*id.,* § 148.5, subd. (a)).

The complaint was filed on July 5, 2013. At the July 18, 2013, hearing Bizieff pled no contest to possession of a firearm while under the influence of a controlled substance, concealing evidence, and making a false police report. In exchange, Bizieff

2.

faced a maximum sentence of one year in county jail, with the trial court indicating it would sentence her to 90 days on the work release program. The remaining counts were dismissed. Bizieff was released on her own recognizance.

Prior to entering her plea, Bizieff completed a plea form that advised her of the charges to which she would plead and the proposed sentence, and it made a reference to "Cruz & OR." The plea form also confirmed Bizieff was entering the plea voluntarily, she had had adequate time to speak with her attorney, and she understood the consequences of her plea. The plea form also explained and obtained a waiver of her trial rights. Bizieff signed the plea form under penalty of perjury. The trial court confirmed (1) Bizieff had signed and initialed the plea form, (2) no one had made Bizieff any promises other than as contained in the plea form, and (3) Bizieff had had an adequate opportunity to discuss the matter with her attorney. Defense counsel then proposed to the trial court that Bizieff be released on her own recognizance with a "*Cruz*" waiver, apparently referring to *People v. Cruz* (1988) 44 Cal.3d 1247.

*Cruz* held that a defendant who enters into a plea agreement, but then fails to appear at sentencing, must be allowed to withdraw his or her plea pursuant to Penal Code section 1192.5 if the trial court decides to refuse to follow the plea agreement because of the defendant's absence at sentencing. (*Cruz, supra,* 44 Cal.3d at pp. 1250-1254.) A *Cruz* waiver is an agreement by the defendant that if he or she is released from custody after the trial court accepts the plea, but before sentencing, the defendant promises to not commit other crimes and to appear for the sentencing hearing. If the defendant breaches this agreement, he or she will then face the maximum term sentence for the crimes to which he or she pled. (*People v. Vargas* (2007) 148 Cal.App.4th 644, 646.)

The trial court indicated its acceptance of the proposal stating, "[I]f you wish to be released on your own recognizance and you are willing to enter a *Cruz* waiver, I will follow that practice here." After Bizieff confirmed she wanted to be released pending sentencing, the trial court explained the *Cruz* waiver.

"THE COURT: … You understand that when we say a *Cruz* Waiver, what we mean by that is that currently the People's offer is no more than a year and the Court's indication is 90 days in the work release program. If you fail to appear on the date of sentencing, that would be August the 15th, or if you pick up a new law violation, that limit would be off and the Court may sentence you to up to the maximum exposure in this case, I believe, is three years.

"Do you understand that?

"[BIZIEFF]: Yes, Your Honor.

"THE COURT: You understand that as part of the release on your own recognizance you would be waiving your right to withdraw your plea if the Court sentences you to more than what we have discussed?

"[BIZIEFF]: Yes, Your Honor."

The trial court then accepted Bizieff's no contest pleas to the charges to which she agreed to plead, the prosecution dismissed the remaining counts, and the trial court released Bizieff on her own recognizance.

On August 15, 2013, Bizieff appeared for sentencing. However, she had acquired a new charge. Bizieff decided she wanted to make a *Marsden*[1] motion, so the sentencing hearing was continued to the following day because defense counsel who had been representing Bizieff was busy in another courtroom and could not appear. The trial court, noting the new charge, revoked the order permitting Bizieff to be released on her own recognizance and ordered her detained.

When the matter was called the following day, defense counsel requested a one-week continuance because Bizieff was ill. The matter was continued to August 23, 2013.

On August 23 the trial court heard and denied Bizieff's *Marsden* motion. When all parties returned to the courtroom, defense counsel asked the trial court to continue the sentencing to follow the new matter, apparently hoping that if Bizieff prevailed on the

---

[1]*People v. Marsden* (1970) 2 Cal.3d 118.

4.

new matter then the court would not invoke the *Cruz* waiver and would sentence Bizieff to the term originally agreed upon by the parties.

Defense counsel withdrew her request for a continuance when the trial court indicated it was willing to sentence Bizieff pursuant to the original agreement. The court then suspended imposition of sentence on the possession count, placed Bizieff on three years' probation, with the condition she serve the first 90 days in jail. The trial court then authorized Bizieff to complete the remainder of her sentence on the work release program. Bizieff was required to enroll in the work release program by September 23, 2013, or to report to the main jail to complete serving the 90 days. The trial court also sentenced Bizieff to concurrent terms of 52 days for the two misdemeanor convictions (destruction of evidence and making a false police report) and gave her credit for time served of 52 days (26 actual and 26 goodtime/worktime).

Bizieff filed a timely notice of appeal. In her request for a certificate of probable cause, Bizieff contended she received ineffective assistance of counsel because she was not aware of all of the consequence that accompanied a *Cruz* waiver. Specifically, Bizieff contended she did not understand that she waived her right to withdraw her plea if she failed to appear at sentencing or was accused of a new violation. Bizieff also contended she did not understand that her plea to possession of a firearm while under the influence of methamphetamine (Health & Saf. Code, § 11550, subd. (e)) would qualify her for a prison confinement, and she thought she was pleading to a local custody confinement. "If Ms. Bizieff had known this charge was not Penal Code, section 1170(h)(3) eligible she would not have accepted the plea agreement." The trial court granted the request for a certificate of probable cause.

## DISCUSSION

Our review of the trial court proceedings establishes there is no merit to Bizieff's arguments as related in the certificate of probable cause. The trial court explained to Bizieff, on the record, the *Cruz* waiver. The court told Bizieff she would lose her right to

5.

withdraw her plea and could be sentenced to up to three years in prison if she failed to appear for sentencing or committed a new violation of the law.  Moreover, in the hearing on the *Marsden* motion filed by Bizieff, Bizieff repeatedly complained that no one had explained a *Cruz* waiver to her.  Defense counsel stated she explained fully the *Cruz* waiver to Bizieff, including all of the potential consequences of the waiver.  The trial court rejected Bizieff's testimony and accepted defense counsel's assertions.  The fact the court also had explained the *Cruz* waiver to Bizieff further establishes Bizieff's lack of credibility.

We also note that Bizieff's claim of ineffective assistance of counsel cannot succeed because she cannot establish any prejudice.  "Establishing a claim of ineffective assistance of counsel requires the defendant to demonstrate (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation prejudiced the defendant, i.e., there is a 'reasonable probability' that, but for counsel's failings, defendant would have obtained a more favorable result.  [Citations.]  A 'reasonable probability' is one that is enough to undermine confidence in the outcome.  [Citations.]" (*People v. Dennis* (1998) 17 Cal.4th 468, 540-541.)

Bizieff has complained she did not realize her plea would qualify her for a prison confinement, and she thought she was pleading to a local custody confinement.  "If Ms. Bizieff had known this charge was not Penal Code, section 1170(h)(3) eligible she would not have accepted the plea agreement."  She was, indeed, sentenced to local custody; in fact, she was being placed in a work release program.  In other words, the sentence she received is exactly that which she thought she would receive.  Accordingly, she could not possibly establish any prejudice as a result of counsel's alleged failure to explain fully the plea to her.  Once again, we note in the *Marsden* hearing that defense counsel, whom the trial court found credible, testified she did explain the plea fully to Bizieff.

We note one omission from the minute order that must be corrected.  The trial court awarded Bizieff 52 days of custody credit (26 actual and 26 goodtime/worktime) in its oral pronouncement of judgment.  The minute order fails to reflect any custody credit. Accordingly, we will remand the matter to the trial court to correct this omission.

## DISPOSITION

The matter is remanded to the trial court for correction of the minute order to reflect the custody credits awarded to Bizieff in the oral pronouncement of judgment. The judgment is affirmed in all other respects.